UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 15-10035-RGS

THOMAS J. MAIMONI

v.

SEAN MEDEIROS, SUPERINTENDENT
MASSACHUSETTS CORRECTIONAL INSTITUTION - NORFOLK

MEMORANDUM AND ORDER

February 6, 2015

STEARNS, D.J.

On January 7, 2015, Thomas J. Maimoni filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus and supporting memorandum in challenging his 1993 conviction in Essex Superior Court for second-degree murder. The petition asserts one ground for relief -- that "The Official Version of the Crime [with the prosecutors] Manufacturing a motive, [and relying on] bogus witness statements." Pet. ¶ 12. Maimoni complains that the prosecutors were involved with "[t]he intentional and willful manufacturing of a motive [and for more than twenty years have] sought to obstruct any and ALL contrary evidence." Pet'r's Mem. at 10.

Maimoni's petition currently is before the court for preliminary review. *See* Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts (§ 2254 Rules). Pursuant to § 2254, Rule 4, a judge is

1

required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." *Id.* In undertaking this examination, the court decides whether the petition contains relief that is plausible on its face and cognizable in a federal habeas action. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994), citing § 2254 Rule 4 ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). In considering the petition, the court gives deference to Maimoni's *pro se* status. "As a general rule, . . . we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects." *Dutil v. Murphy*, 550 F.3d 154, 158 (1st Cir. 2008).

DISCUSSION

Petitioner previously sought habeas relief concerning his conviction. *See Maimoni v. Commonwealth*, C.A. No. 97-10997-GAO (D. Mass) (Section 2254 petition summarily dismissed as unexhausted); *Maimoni v. Wall*, C.A. No. 13-11298-DJC (D. Mass) (Section 2254 petition dismissed as untimely). By Electronic Order dated December 16, 2013, Judge Casper found, among other things, that because the Massachusetts Supreme

2

Judicial Court denied Maimoni's request for further appellate review, his petition seeking collateral review of his murder conviction was untimely. *Commonwealth v. Maimoni*, 424 Mass. at 1102 (1996), citing 28 U.S.C. § 2244(d)(1)(A)-(B). Notwithstanding, Maimoni asks this court to "suspend any Time constraints on [his] application and rule on the merits." Pet. ¶ 18. However, before "a second or successive application [under § 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Where a litigant bringing a successive § 2254 petition has not complied with the requirements of § 2244(b)(3)(A), the district court is without jurisdiction to entertain the merits of the petition. *See Rodwell v. Pepe*, 324 F.3d 66, 72-73 (1st Cir. 2003).

Here, Maimoni's petition is subject to the requirements of 2244(b) based upon the dismissal of his 2013 petition as time barred. *See Cook v. Ryan*, C.A. No. 12-11840-RWZ (D. Mass.) (dismissing, sua sponte, § 2254 petition and agreeing with majority of courts concluding that a dismissal of a petition as time barred in an adjudication on the merits for successive purposes). While Maimoni contends that the government misinterpreted the timeline of his 2013 petition, nonetheless, his earlier petition was

dismissed it as time-barred. *See* Pet.¶ 14; *Maimoni v. Wall*, C.A. No. 13-11298-DJC (D. Mass.) (finding the petition untimely whether challenging the denial of parole or seeking to vacate the murder conviction). As Maimoni's habeas petition is a second or successive § 2254 petition, and he has failed to obtain permission from the United States Court of Appeals for the First Circuit to file, this court is without jurisdiction to entertain it. *See* 28 U.S.C. § 2244(b) (3)(A); *Gautier v. Wall*, 620 F.3d 58, 61 (1st Cir. 2010).

ORDER

For the reasons stated, the petition is dismissed pursuant to 28 U.S.C. § 2244(b)(1), as an unauthorized second or successive Section 2254 habeas petition.

SO ORDERED.

/s/Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE